UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VAN BUREN,<br><br>            Plaintiff,<br><br>       v.<br><br>DOUGLAS ECKGAURD,<br><br>            Defendant. | No.  2:13-cv-01916 DAD P<br><br><br><br>ORDER |

Plaintiff, who appears to be a civil detainee at the Napa State Hospital, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

In addition, the court will dismiss plaintiff's complaint and grant him leave to file an amended complaint which clearly state his claims and identifies the constitutional or federal provisions which supports his claims.[1]  Plaintiff is cautioned that in this civil rights action, he may not challenge the legality of his detention or request that this court "over turn" his civil

/////

---

[1] Plaintiff's original complaint fails to do so.

1

commitment (ECF No. 1 at 2) because such relief must be sought only by way of a petition for a writ of habeas corpus.[2]  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2.  Plaintiff's complaint is dismissed;

3.  Within thirty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;[3]

4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Non-prisoner for use in a civil rights action and the form complaint for a § 1983 civil rights action; and

/////

/////

/////

---

[2] The court notes that plaintiff has been previously advised regarding the distinctions between a civil rights action such as this one and a federal habeas action.  See VanBuren v. Matteucci, Case No. 2:13-cv-01192 KJN (plaintiff's civil rights dismissed without prejudice for failure "to state any prima facie legal claim, despite the opportunity to file an amended pleading subject to the instructions of the court."  (ECF No. 9 at 2.)

[3] Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

Dated: September 20, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp/4
vanb1916.3a

3