UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VAN BUREN, | No. 2:13-cv-01916 TLN DAD P |
| Plaintiff, | |
| v. | ORDER and |
| DOUGLAS ECKGAURD,[1] | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding without counsel in this action filed pursuant to 42 U.S.C. § 1983. This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Plaintiff is committed to Napa State Hospital by order of the Solano County Superior Court. (See ECF No. 5 at 6.)  By order filed September 23, 2013, this court directed plaintiff to pay the required filing fee or file an application to proceed in forma pauperis, and dismissed plaintiff's complaint while granting him leave to file an amended complaint. (ECF No. 3.)  The court cautioned plaintiff that if he was challenging the legality of his detention or underlying commitment he must pursue such relief in a petition for writ of habeas corpus. (Id. at 2.)  The
/////

---

[1] Plaintiff also spells defendant's name as "Eckgurod" and "Eckrod."

1

1 court noted that in another of plaintiff's cases he was similarly advised of the distinctions between
2 a civil rights action and an action in habeas corpus.  (Id. at fn. 2.)
3    Plaintiff has now submitted a declaration that makes the showing required by 28 U.S.C. §
4 1915(a).  (See ECF No. 9.)  Accordingly, plaintiff's request to proceed in forma pauperis will be
5 granted.
6    Plaintiff has also filed an Amended Complaint.  (See ECF No. 5.)  The court is required to
7 screen complaints brought by prisoners seeking relief against a governmental entity or officer or
8 employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint
9 or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
10 fail to state a claim upon which relief may be granted, or that seek monetary relief from a
11 defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  The court may dismiss
12 a claim as frivolous where it is based on an indisputably meritless legal theory or where the
13 factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Franklin
14 v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).
15    Plaintiff's Amended Complaint is entitled "Dismissal of Jessica Law, Dismissal of
16 Meggans Law, Sentance of Parole Laws" (sic).  (ECF No. 5 at 1.)  The only defendant named  in
17 the amended complaint is D. Eckgaurd, plaintiff's parole agent.  (Id. at 1-2.)  Plaintiff's statement
18 of his claim provides in full as follows:

19    Exstarorendary (sic) circumstance misconduct and wrongful doing
   filing statement of the leading complaint is false statements.
20
21 (Id. at 3.)  Plaintiff requests the following relief:

22    Please send for relief of my being falsely arrested one billion
   dollars.  Please release me with records Exspunged (sic).
23 (Id.)  In the body of his complaint plaintiff alleges that the sentencing court relied on a "wrongful
24 police report" (id. at 4), and that plaintiff is "innocense" (sic) (id. at 9).
25    Review of the Amended Complaint demonstrates that it fails to state a cognizable civil
26 rights claim.  Plaintiff seeks both monetary damages and release from custody.  Moreover, even if
27 this pleading was characterized as an application for writ of habeas corpus, the allegations are so
28 vague as to render plaintiff's claims frivolous.

Despite ample opportunity to file a pleading that states a potentially cognizable basis for relief, plaintiff has failed to do so.  The court finds that it would be futile to authorize further amendment of the pleading in this action.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013) (citation omitted); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Due to the lack of clarity whether plaintiff intended that this case proceed as a civil rights action or a habeas corpus action, the court will not assess payment of the filing fee.[2]

For these reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis is granted; however, no fee is assessed.

Additionally, IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed without prejudice due to plaintiff's failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 16, 2014

DAD:4
vanb1916.f&r.fsc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] If this matter were to proceed as a civil rights action, plaintiff would be required to pay, over time, the full statutory filing fee of $350.00, despite granting of plaintiff's application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(b)(1).